FILED

JUN 21 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WALLENE MARY BEAR,

Defendant - Appellant.

No. 10-30317

D.C. No. 4:10-cr-00056-SEH-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued September 1, 2011
Submitted June 21, 2012
Missoula, Montana

Before: O'CONNOR, Associate Justice,[**] REINHARDT and THOMAS, Circuit
Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Sandra Day O'Connor, Associate Justice of the United
States Supreme Court (Ret.), sitting by designation.

Wallene Bear appeals from her convictions for violations of 21 U.S.C. § 846 and § 846(a)(1) after entry of a conditional guilty plea. We affirm. Because the parties are familiar with the history of this case, we need not recount it here.

Under the circumstances presented by this case, we conclude that the district court did not commit reversible error in denying the suppression motion. We review *de novo* a district court's denial of a suppression motion. *United States v. Ruiz*, 428 F.3d 877, 880 (9th Cir. 2005). We review the district court's factual findings for clear error. *Id.*

It is undisputed that the driver gave consent to search the automobile where the contraband was discovered in a purse. The district court did not clearly err in its factual finding that the purse was under the joint control of the driver and the defendant, and that each had joint access to it. Given that finding, the district court did not err in denying the suppression motion. *See United States v. Matlock*, 415 U.S. 164, 171 (1974) ("[W]hen the prosecution seeks to justify a warrantless search by proof of voluntary consent, it is not limited to proof that consent was given by the defendant, but may show that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected.")

The district court also did not err in denying the motion to suppress contraband discovered in a strip search at the detention facility. The government had reliable information that the defendant was in possession of drugs, drug paraphernalia had been discovered in her purse, and she had previously hidden contraband in her body cavities. Further, at the detention facility, the defendant's co-arrestee was observed on closed circuit camera twice reaching into the defendant's bra for objects that had been hidden there. Given these undisputed facts, the district court did not err in concluding that the strip search was justified and conducted in a constitutionally permissible manner. *See Kennedy v. Los Angeles Police Dep't*, 901 F.2d 702, 712, 715-16 (9th Cir. 1990) (holding that warrantless strip searches of felony suspects are permissible if justified by a reasonable suspicion that drugs or weapons are being smuggled into a detention facility), *implicitly overruled on other grounds by Hunter v. Bryant*, 502 U.S. 224 (1991) (per curiam).

**AFFIRMED.**